UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| MARGARET SIBOTEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1313 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **OPINION** |
| | ) | |
| Defendant. | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for Disabled Adult Child (DAC) benefits. On November 10, 2008, plaintiff filed her application for benefits, alleging an onset of disability of July 16, 1977. (A.R. 106-07). Her claim was denied on initial review. (A.R. 72-75). On September 20, 2010, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 45-70). On September 30, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-21). The Appeals Council denied review on November 21, 2011 (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings

in this case, including entry of final judgment. (docket # 9). Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. "The ALJ erred by failing to articulate a valid and proper basis for giving the opinions of Dr. Robert Fabiano little weight in disregard of the mandatory factors he was required to [consider] in assessing what weight to afford such opinions[;]"

2. The ALJ failed to meet his burden at step 5 of the sequential analysis "because the Vocation[al] Expert admitted that the jobs she testified currently exist[] did not exist at the time frame applicable in this case[;]" and

3. "The ALJ did not conduct a full and fair hearing in blatant disregard of Plaintiff's Due Process Rights."

(Statement of Errors, Plf. Brief at 6, docket # 10). Upon review, the Commissioner's decision will be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence

shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Disabled Adult Child Benefits

"Social Security has a program whereby the disabled adult child of someone who meets the nonmedical requirements for DIB can receive DIB [her]self." *Stringer v. Astrue*, 252 F. App'x 645, 648 n.2 (5th Cir. 2007). The claimant "does not have to show that [she] meet[s] the work requirements of 42 U.S.C. § 423(c) because her [father's] work history has qualified [her] for benefits." *Stringer*, 252 F. App'x at 648 n.2 (citing 20 C.F.R. § 404.350). The Social Security

Administration "consider[s] this a 'child's' benefit because it is paid on a parent's Social Security earnings record."[1]

Disabled adult child disability (DAC) benefits are available "if such child was under a disability ... at the time [s]he attained the age of 18 or if [s]he was not under such a disability ... at such time but was under a disability ... at or prior to the time [s]he attained ... the age of 22." 42 U.S.C. § 402(d)(1)(G); *see* 20 C.F.R. § 404.350(a); *see also Jones v. Commissioner*, No. 11-14176, 2012 WL 4355532, at * 1 n.1 (E.D. Mich. Sept. 24, 2012). In substance, section 402(d) "provides that a child of an individual entitled to old age or disability insurance benefits is entitled to Child's Insurance Benefits if [s]he is under a disability (as defined by section 223(d) of the Social Security Act) which began before h[er] twenty-second birthday." *Jones v. Secretary of Health & Human Servs.*, 89-1603, 1990 WL 17265, at * 1 n.1 (6th Cir. Feb. 27, 1990); *see Wallin v. Astrue*, No. 12-CV-142, 2013 WL 209183, at * 2 (E.D. Wash. Jan. 17, 2013) (The "claimant must prove her disability began on or before her 22nd birthday.").

## Discussion

Plaintiff reached age 22 on July 16, 1977. (A.R. 18). The ALJ found that plaintiff had not engaged in substantial gainful activity on or after July 16, 1977. (A.R. 18). He found that plaintiff did not have a medically determinable impairment before she reached age 22. (A.R. 18). The ALJ held that plaintiff was not entitled to DAC benefits because she "ha[d] not been under a disability, as defined in the Social Security Act, at any time prior to July 15, 1997, the date she attained age 22 (20 CFR 404.350(a)(5) and 404.1520(c))." (A.R. 21).

---

[1] http://ssa-custhelp.ssa.gov/app/answers/detail/a_id/1524/~/eligibility-requirements-for-a-disabled-adult-child's-benefit (last visited Feb. 10, 2013).

**1.**

Plaintiff argues that the ALJ failed to give adequate weight to the opinions expressed by a consultative psychologist, Robert J. Fabiano. (Plf. Brief at 7-12; Reply Brief at 1-5). On September 20, 2010, Psychologist Fabiano reviewed plaintiff's records and offered his opinion that plaintiff was disabled before she reached age 22. The ALJ found that the psychologist's opinion was entitled to little weight:

> On September 20, 2010, Robert Fabiano, Ph.D., at the request of the claimant's attorney, examined the claimant's consultative psychological examination with Dr. Strang and her school records from the Vicksburg School District. Exhibit 5F. Dr. Fabiano opined that the claimant has a "long standing" disability. He also stated that the claimant has "longstanding problems in social adaptive functioning including educational, social, psychological, and vocational." *Id.* page 2. He opined that the claimant has "limited intellectual capacity to grasp conceptual rules and to engage in new learning," "tremendous difficulty adapting to changes in her environment," and "significant psychological problems." *Id.*
>
> The claimant is alleging disability with an alleged onset date of July 16, 1977, age 22. As such, the claimant must establish a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months beginning on or before July 16, 1977. First, regarding the claimant's alleged physical impairments, the evidence establishes that they began, at most, only one year prior to her examination with Dr. Ratliff. Thus, since the evidence shows that the claimant's physical impairments began on April 15, 2005, the claimant has failed to establish the existence of a medically determinable impairment on or before the alleged onset date of July 16, 1977. Thus, the undersigned concludes that the claimant does not have any severe physical impairments on or before her alleged onset date.
>
> The evidence does not support a finding of a severe mental impairment existing on or before the claimant's alleged onset date of July 16, 1977. The claimant argues that she has a learning disability that has existed prior to her alleged onset date of July 16, 1977. In support of her allegations of a severe mental impairment on or prior to July 17, 1977, the claimant provided educational records and the opinion of a hired psychologist, Dr. Fabiano. However, I note that Dr. Fabiano never apparently examined or treated the claimant. He only reviewed her prior consultative examination with Dr. Strang and her educational records. I give little weight to the opinion of Dr. Fabiano because his opinion is not consistent with the claimant's school records. Although Dr. Fabiano claims that the claimant has "longstanding problems in social adaptive functioning including educational, social, psychological, and vocational,"

the actual school records from her school psychologist state that the claimant is not "educable mentally impaired," and he opined that there was not sufficient evidence based on testing to suggest emotional impairment. Exhibit 2F page 5. In addition, the claimant apparently graduated on time, without the need for any further special education classes. When comparing the actual school psychologist's records with Dr. Fabiano's opinion, Dr. Fabiano's bias is exposed. His opinion was paid for by the claimant, and his obvious bias is seen by the fact that his opinion is much more severe than that of the claimant's school psychologist that was recorded over 30 years ago. Thus, the undersigned gives Dr. Fabiano's opinion little weight.

Additionally, Dr. Strang's examination focuses on a period almost 30 years after the claimant's alleged onset date, and he offers no opinion as to the claimant's potential impairment on or before her alleged onset date. Thus, his opinion is not helpful on the issue at hand. The only evidence from that time from the school's psychologist states that the claimant does not have an educational or emotional impairment. Exhibit 2F page 5. Given the evidence, the undersigned concludes that the evidence fails to establish the presence of a medically determinable mental or physical impairment on or before the claimant's alleged onset date of July 16, 1977.

(A.R. 19-20).

The issue of disability is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1). Psychologist Fabiano's opinion that plaintiff was disabled on and before July 16, 1977, was entitled to no weight. *See* 20 C.F.R. § 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *see also Blair v. Commissioner*, 430 F. App'x 426, 428 (6th Cir. 2011). The ALJ considered the factors listed in 20 C.F.R. § 404.1527(d), finding that Psychologist Fabiano had no examining and no treatment relationship with plaintiff. The ALJ found that Fabiano's opinions were not well supported as they were based only on his review of school records and a 2006 evaluation by Psychologist Strang. (A.R. 19-20). There is "nothing fundamentally wrong with a lawyer sending a client to a doctor," *see Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989), but it was entirely appropriate for the ALJ to note that Fabiano's review of plaintiff's records was on a referral from plaintiff's attorney, for the purpose of generating evidence in support of plaintiff's claim for DAC benefits more than three decades after plaintiff's date last disability insured. (A.R. 20). *See*

*DeVoll v. Commissioner*, No. 99-1450, 2000 WL 1529803, at * 1 (6th Cir. 2000); *Pentecost v. Secretary of Health & Human Servs.*, No. 89-5014, 1989 WL 96521, at * 1 (6th Cir. Aug. 22, 1989); *see also Shaffer v. Commissioner*, No. 1:11-cv-80, 2012 WL 1067274, at * 5 (W.D. Mich. Mar. 28, 2012); *Gilmore v. Astrue*, No. 2:10-54, 2011 WL 2682990, at * 8 (M.D. Tenn. July 11, 2011). The ALJ found that Psychologist Fabiano's opinions were not consistent with the record, because they were far more restrictive than the assessment made by the school psychologist. Plaintiff's disagreement with the ALJ's finding that the non-examining, consultative psychologist's opinion was entitled to little weight is not a basis for overturning the Commissioner's decision. The ALJ is responsible for weighing medical opinions, not the court. *See Buxton*, 246 F.3d at 772-75; *accord White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).

**2.**

Plaintiff argues that the ALJ failed to meet his burden at step 5 of the sequential analysis because: "the Vocational Expert Testified that She Did not Have Data for Jobs that Existed during the Applicable Time Frame." (Plf. Brief at 12). This argument is frivolous. The ALJ never reached step 5 of the sequential analysis.[2] The ALJ found that plaintiff was not disabled at step 2

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d

of the sequential analysis, because she did not have a severe physical or mental impairment before age 22. *See Vella v. Commissioner*, 394 F. App'x 755 (2d Cir. 2010); *Raulerson v. Massanari*, 25 F. App'x 589, 592-93 (9th Cir. 2001).

**3.**

Plaintiff argues that the ALJ was biased against her, because he "did not understand the purpose of the hearing" and he "continuously interrupted" her attorney. (Plf. Brief at 15-18; Reply Brief at 5-6). Plaintiff cites no supporting legal authority. (*Id.*). Perfunctory arguments are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also Coley v. Bagley*, No. 10-3469, __ F.3d __, 2013 WL 464677, at * 10 (6th Cir. Feb. 8, 2013). Assuming the issue had not been waived, it is patently meritless.

The ALJ is presumed to have exercised his powers with honesty and integrity, and the plaintiff has the burden of overcoming the presumption of impartiality "with convincing evidence that a risk of actual bias or prejudgment is present." *Collier v. Commissioner*, 108 F. App'x 358, 364 (6th Cir. 2004) (citing *Schweiker v. McClure*, 456 U.S. 188, 196 (1982), and *Navistar Int'l Transp. Corp v. EPA*, 921 F.2d 1339, 1360 (6th Cir. 1991)); *see Bailey v. Commissioner*, 413 F. App'x 853, 856 (6th Cir. 2011) ("We presume that judicial and quasijudicial officers, including ALJs, carry out their duties fairly and impartially."). Plaintiff has the burden of providing "convincing evidence that a risk of actual bias or prejudgment is present." *See Bailey*, 413 F. App'x at 856; *see Collier*, 108 F. App'x at 364. For the alleged bias to be disqualifying, it must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge

---

272, 282 (6th Cir. 2009).

learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see Miller v. Barnhart*, 211 F. App'x 303, 305 n.1 (5th Cir. 2006). "[A]ny alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation or inference." *Carrelli v. Commissioner*, 390 F. App'x 429, 436-37 (6th Cir. 2010); *see Perschka v. Commissioner*, 411 F. App'x 781, 788 (6th Cir. 2010) ("An adverse ruling alone is not enough to support a finding of bias."). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are insufficient to establish bias. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Plaintiff's claim of bias is based on the ALJ's conduct during the hearing. At the outset, it was established that plaintiff's 1988 and 2003 applications for social security benefits had been denied. (A.R. 50; *see also* A.R. 123). In 2007, plaintiff was awarded supplemental security income (SSI) benefits based on her 2006 application. (A.R. 50). Here, plaintiff was claiming entitlement to DAC benefits based on her father's earning's history. It was plaintiff's burden to establish that she was disabled on or before July 16, 1977, when she reached age 22. (A.R. 51). Plaintiff was 55-years-old and claiming that she had been disabled 33 years earlier. (A.R. 53). Understandably, the ALJ inquired of plaintiff's attorney whether a claim of this extraordinary vintage was barred by a statute of limitations:

> ALJ: Let me make sure that I understand where we are. You're receiving SSI right now, right?
>
> CLMT: Yes, your honor.
>
> ALJ: And what you want to do is, you want to go back and prove that you were disabled as a child.
>
> CLMT: Yes.

| | |
|---|---|
| ALJ: | And are now? How old are you now? |
| CLMT: | Fifty-five. |
| ALJ: | Fifty-five? |
| CLMT: | Yes. |
| ALJ: | Okay. All right, I just want to be sure where we are. |

* * *

| | |
|---|---|
| ALJ: | To be quite honest with you, Ms. Palmer, I don't know if you've done the research on this. I don't know if there's a statute of limitations on this type of thing. I don't know. I'm going to hear the evidence. But I don't know if you even have a right to file something that old. |
| ATTY: | My understanding is that there is not a statute of limitations on this, your honor. |
| ALJ: | [INAUDIBLE] what'd you say? |
| ATTY: | I'm not aware of any statute of limitations on when you can file. |
| ALJ: | Okay, well, there may be, there may not be. I just don't know. I've never had a situation like this. I've never had anyone, anybody come in and claim disability 30-something years ago. And that's what [INAUDIBLE]. |
| ATTY: | Your honor, in all honesty, why Margaret is here and why she filed the application was from some advice she was given by someone in the Social Security Administration office in Battle Creek, Michigan, when she was awarded her SSI benefits. So she filed the application on her own, and then once it was denied, retained my services for the appeal purpose. |

(A.R. 53-54).

The ALJ inquired whether plaintiff's attorney had any evidence other than school records, Psychologist Strang's report assessing plaintiff's condition in 2006, and the opinions supplied by Psychologist Fabiano in 2010 based on his review of those materials. (A.R. 59-61). Plaintiff's attorney confirmed that she was relying on the aforementioned materials and the 2007

administrative finding that plaintiff was disabled and entitled to SSI benefits on and after January 18, 2006. (A.R. 58-62, 68-69). The court finds no evidence that the ALJ was biased against plaintiff or her attorney, much less the convincing evidence of actual bias that is necessary to overcome the presumption of impartiality.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision will be affirmed.


Dated:   February 13, 2013            /s/  Joseph G. Scoville
                                      United States Magistrate Judge